**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) LADONA A. POORE,  Plaintiff, v. (1) STANLEY GLANZ, SHERIFF OF TULSA COUNTY, in his Individual and Official Capacities; and (2) SETH BOWERS;  Defendants. | Case No.: 11-CV-797-CVE-TLW  JURY TRIAL DEMANDED  ATTORNEY LIEN CLAIMED |

**COMPLAINT**

**COMES NOW** the Plaintiff, LaDona A. Poore ("Plaintiff"), by and through her attorneys of record, and for her causes of action against the Defendants, alleges and states as follows:

**INTRODUCTORY STATEMENT**

1. Plaintiff, a nineteen-year-old female, was incarcerated at the David L. Moss Criminal Justice Center (hereinafter "Tulsa County Jail" or "Jail") for the period of January 2010 until April 30, 2010.

2. At the time of her detention in the Tulsa County Jail, Plaintiff was a seventeen-year-old minor.

3. For the length of Plaintiff's detention, in accordance with the Jail's policy and practice, she was housed in the medical unit of the Tulsa County Jail. In so housing Plaintiff, Defendants disregarded the known and obvious risk that harm could result to Plaintiff if left alone with male detention officers ("D.O."). Defendants failed to provide

1

Plaintiff with adequate and safe housing, supervision and security in order to protect her from the known risk of serious physical harm.

4. Over the course of Plaintiff's incarceration at the Tulsa County Jail, she was repeatedly sexually assaulted and raped by a male D.O., Defendant Seth Bowers ("Bowers"). As a D.O., it was Bowers' duty to protect Plaintiff from harm. However, rather than protect her, Bowers preyed on her. Knowing the "blind spots" within the Tulsa County Jail where his actions would be unmonitored and knowing of the persistent inadequate staffing, Bowers had total control over female juvenile inmates like Plaintiff. In an utter betrayal of public trust and duty, Bowers exploited his position of power to rape and sexually assault a defenseless minor female.

5. The rapes and sexual assaults upon Plaintiff were eminently preventable. These heinous crimes were the foreseeable result of Defendant Sheriff Stanley Glanz's policies, practices and/or customs of inadequate housing, supervision and security. In sum, Defendants' deliberate indifference toward Plaintiff's health and safety was a direct and proximate cause of her injuries and damages.

**JURISDICTION AND VENUE**

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 to secure protection of and to redress deprivations of rights secured by the Eighth Amendment and Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983, which provides for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

7. The jurisdiction of this Court is also invoked under 28 U.S.C. § 1331 to resolve a controversy arising under the Constitution and laws of the United States,

particularly the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

9. Plaintiff is a resident of Tulsa County, Oklahoma.

10. Defendant Stanley Glanz ("Sheriff Glanz" or "Defendant Glanz") is, and was at all times relevant hereto, the Sheriff of Tulsa County, Oklahoma, residing in Tulsa County, Oklahoma, and acting under color of state law. Defendant Glanz, as Sheriff and the head of the Tulsa County Sheriff's Department, was, at all times relevant hereto, responsible for ensuring the safety and well-being of female juvenile inmates detained and housed at the Tulsa County Jail, including the provision of appropriate housing and security. In addition, Defendant Glanz is, and was at all times pertinent hereto, responsible for creating, adopting, approving, ratifying, and enforcing the rules, regulations, policies, practices, procedures, and/or customs of the Tulsa County Sheriff's Department and the Tulsa County Jail, including the policies, practices, procedures, and/or customs that violated Plaintiff's rights as set forth in this Complaint. Defendant Glanz is sued in his individual and official capacities.

11. Defendant Detention Officer Seth Bowers ("Bowers") was, at all times relevant hereto, an employee of the Tulsa County Sherriff's Department, who was, in part, responsible for overseeing Plaintiff's health and well-being, and assuring that housing and security needs of Plaintiff and other juvenile females were met, during the

3

time she was in the custody of the Sheriff's Department.  Bowers is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 11, as though fully set forth herein.

13. Plaintiff was in the custody of the Tulsa County Sheriff's Department at the Tulsa County Jail in January of 2010 until April 30, 2010.  During this period of custody, Plaintiff was a seventeen-year-old minor.

14. During her incarceration, Plaintiff was housed within the north wing of the medical unit under the control and supervision of male D.O.s, including Defendant Bowers.

15. Juvenile female inmates are housed in the north wing of the medical unit behind glass.  D.O.s assigned to making rounds at the Tulsa County Jail are tasked with monitoring and supervising the female juvenile inmates.  The area of the medical unit which houses female juveniles is often overcrowded, resulting in fighting and violence.

16. There is a single shower area within the medical unit that is used by the female juvenile inmates.

17. The entire medical unit, including the north wing which houses female juvenile inmates, is unmonitored by video surveillance equipment.  It is well-known by Jail personnel and inmates alike that the medical unit in general, and the north wing in particular, is not video monitored.  Thus, the medical unit, and particularly the north wing, is a "blind spot" where illegal activity can take place without detection.

4

18. The Oklahoma Jail Standards require that a jail's policies and procedures specify a system for the supervision of female prisoners by male staff. *See* OAC 310:670-5-3(f). The Oklahoma Jail Standards further specifically provide that "[w]hen both male and female prisoners are housed in a facility, at least one male and one female trained jailer shall be available to perform sensitive functions and procedures as necessary to accommodate prisoner gender." *Id.* at 670-5-3(g).

19. In this case, Plaintiff was forced to shower alone in a stall within the medical unit shower area. The stall had an observation window. Only a piece of paper was taped over the window. Though Bowers, as a male D.O., should not have been in the shower area when female inmates were showering, Bowers would frequently monitor the shower area when Plaintiff showered. What is more, Bowers would lift the piece of paper taped on the observation window and watch Plaintiff while she showered.

20. Recognizing the extraordinary vulnerability of persons who are inmates of a county jail for any reason and the extraordinary opportunities of sheriffs and of employees of sheriffs to prey upon the vulnerability of such persons, the statutes of the State of Oklahoma specifically protect such persons. Under Oklahoma criminal statutes, any state, federal, county, municipal or political subdivision employee who has sexual intercourse with a person under the supervision of a sheriff is guilty of the crime of rape. *See* 21 Okla. Stat. § 1111(A)(7).

21. In this case, in addition to his unlawful conduct in watching Plaintiff while she showered, Bowers preyed upon Plaintiff's vulnerability and repeatedly raped and sexually assaulted her. Bowers was able to commit these heinous crimes because of the

known "blind spots" at the Jail that are unmonitored by video surveillance equipment and the persistent lack of staff.

22.     Another female juvenile inmate witnessed the rapes and sexual assaults perpetrated by Bowers upon Plaintiff.  Bowers also attempted sexual acts with this female juvenile inmate and utilized his authority and resources bestowed upon him by the Tulsa County Sheriff's Department in an attempt to silence this witness and victim.

23.     Bowers' acts of depravity and crimes were facilitated by a total breakdown in supervision, security and housing within the Jail.

24.     On information and belief, upon learning of the complaint that Bowers raped Plaintiff, Sheriff Glanz did not discipline Bowers or turn the complaint over to the District Attorney.  This is consistent with Glanz's past conduct and practice when faced with similar allegations of D.O. sexual misconduct with inmates.

25.     Defendants failed to provide adequate housing, supervision and security for Plaintiff as a female juvenile inmate.

26.     Defendants' deliberate indifference to the clear and present risks to Plaintiff's safety was a direct and proximate cause of her serious injuries and damages.

27.     Defendants' deliberate indifference to the safety and welfare of Plaintiff is evinced by their persistent violation of numerous provisions of the Oklahoma Jail Standards (OAC 310:670, *et seq.*).  For instance, the Oklahoma Jail Standards provide:

> ➢ "[Jail] [p]olicies and procedures shall specify a system for the supervision of female prisoners by male staff . . . ."

> ➢ "When both male and female prisoners are housed in a facility, at least one male and one female trained jailer shall be available to perform sensitive functions and procedures as necessary to accommodate prisoner gender."

> ➢   "No one person shall be permitted to enter a prisoner's cell or other area in which a prisoner is confined, past the last locked door, without backup assistance."
>
> ➢   "Jailer posts shall be located and staffed to monitor all prisoner activity either physically or electronically . . . ."
>
> ➢   "There shall be sufficient staff to perform all assigned functions relating to security, custody and supervision of prisoners."

Each of these provisions of the Oklahoma Jail Standards states widely accepted minimum standards for the operation of jails. The failure to uniformly and consistently observe such standards evinces deliberate indifference to the safety and security of inmates generally, female inmates more particularly, and Plaintiff specifically. These standards were clearly and flagrantly violated with respect to Plaintiff. The rape of Plaintiff resulted from a total and complete breakdown in the minimum supervision, security and housing practices that Defendants are required to provide.

28.   Defendants' deliberate indifference to Plaintiff's health and safety was in furtherance of and consistent with: (a) policies which Sheriff Glanz promulgated, created, implemented or possessed responsibility for the Jail's operation; and (b) established procedures, customs and/or patterns and practices.

29.   First, Defendant Glanz failed to promulgate and implement adequate housing and supervision policies responsive to the special needs of the female juvenile prisoners in his care. Glanz has long been aware of instances of inappropriate and improper sexual contact at the Jail, including sex between Jail staff members and sex between Jail staff and inmates, which is felony rape under Oklahoma law even if consensual. Consistent with past practices, in the present case, when Sheriff Glanz was put on notice of sexual contact between Jail staff and inmates, he did not notify the District Attorney and failed to take adequate corrective action to prevent additional

7

instances and harm.  Despite his knowledge of inappropriate sexual contact, Defendant Glanz failed to provide adequate facilities or promulgate and implement adequate policies, training, procedures and guidelines to ensure the safety of female inmates.  The lack of adequate and appropriate supervision for female inmates and the utter lack of guidance for employees to follow at the Tulsa County Jail as to the standard of supervision, security and care for female inmates demonstrates a failure to train, failure to supervise and deliberate indifference toward known risks to the health and safety of inmates like Plaintiff.

30.   Second, Sheriff Glanz has instituted a policy, practice and/or custom of maintaining inadequate supervision and safety precautions with respect to known areas that are not monitored via surveillance equipment, or "blind spots," within the Jail.  There are areas within the Tulsa County Jail that are not monitored by video or other surveillance equipment.  The medical unit, including the north wing where female juvenile inmates are housed, is one of these "blind spots."  Other known "blind spots" include the segregation unit and the underground "pipe chase" area.  Sheriff Glanz, inmates and Jail personnel alike know where these "blind spots" are.  Inmates and Jail personnel use these "blind spots" to commit illegal or illicit acts without detection.  Sheriff Glanz has been put on notice of the "blind spot" problems within the Jail, but has failed to take measures to ensure that these "blind spots" are adequately supervised and monitored.  Sheriff Glanz knows that Jail employees and/or contractors have used "blind spots" within the Jail to batter inmates, have sex with other employees or contractors and have sex with inmates.  Sheriff Glanz's failure to ensure that the known "blind spots" within the Jail, including the north wing of the medical unit, are sufficiently monitored

and supervised constitutes deliberate indifference to the health and safety of inmates like Plaintiff.

31. Third, Sheriff Glanz has maintained a policy, practice and/or custom of understaffing the medical unit. Sheriff Glanz promotes a policy of having too few personnel on duty at the Tulsa County Jail at all times to adequately provide appropriate supervision of the female juvenile inmates within the medical unit. Specifically, the Jail's own policies require that there are always at least two D.O.s in the medical unit. However, Sheriff Glanz has repeatedly violated his own policy by assigning only one D.O. to the medical unit. Further, and specifically with respect to the north wing of the medical unit, Sheriff Glanz has assigned the D.O.s making rounds to monitor the female juvenile inmates. Sheriff Glanz has been deliberately indifferent to obvious and serious risks to the safety of the female juvenile inmates by failing to assure that the D.O.s assigned to the north wing are gender-appropriate. Sheriff Glanz's understaffing of the medical unit constitutes deliberate indifference to the health and safety of inmates like Plaintiff.

32. Fourth, Sheriff Glanz has failed to adequately train Jail personnel and staff, particularly male personnel, concerning the supervision of female juvenile inmates in order to protect the female juvenile inmates from inappropriate sexual conduct and activity. This failure to train constitutes deliberate indifference to the health and safety of inmates like Plaintiff.

## CLAIMS FOR RELIEF

**Cruel and Unusual Punishment in Violation of the Eighth
and Fourteenth Amendments to the Constitution of the United States
(42 U.S.C. § 1983)**

**A.     Allegations Applicable to both Defendants**

33.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32, as though fully set forth herein.

34.     Defendants knew of the potential for harm to Plaintiff as a female juvenile inmate housed in the medical unit because of the lack of adequate and appropriate housing facilities, supervision and/or security for such inmates.

35.     Defendants failed to provide adequate housing, supervision and/or security to Plaintiff while she was detained at the Tulsa County Jail.

36.     Defendants' acts and/or omissions as alleged herein, including, but not limited to, their failure to provide Plaintiff with adequate and appropriate housing, adequate supervision, adequate security and/or to take other measures to protect her from physical harm, constitute deliberate indifference to Plaintiff's needs, health and safety.

37.     As a direct and proximate result of Defendants' conduct, Plaintiff experienced and continues to experience physical pain, severe emotional distress, mental anguish, and the damages alleged herein.

**B.     Supervisor Liability (Sheriff Glanz)**

38.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37, as though fully set forth herein.

39.     The aforementioned acts and/or omissions of Defendants in being deliberatively indifferent to Plaintiff's serious needs, health and safety and violating Plaintiff's civil rights were the direct and proximate result of customs, practices and policies which Sheriff Glanz promulgated, created, implemented and/or possessed responsibility for.

40. Such policies, customs and/or practices include, but are not limited to:

    a. The failure to promulgate and implement adequate and appropriate housing, supervision policies, procedures or guidelines responsive to the special needs of female juvenile inmates;

    b. The failure to ensure adequate supervision and safety precautions with respect to areas that are not monitored via surveillance equipment, or "blind spots," within the Jail;

    c. The pattern and practice of understaffing the Jail, leaving inmates vulnerable and increasing the risk of harm;

    d. The failure to take precautions to prevent danger to the health and well-being of female inmates;

    e. The failure to train Jail personnel and staff regarding: the supervision of female inmates within the Jail and the special security needs of female juvenile inmates; and

    f. The failure to take adequate corrective measures, such as disciplinary action, to address known sexual assaults by Jail personnel, and to prevent such sexual assaults from occurring.

41. Sheriff Glanz, through his continued encouragement, ratification, and/or approval of the aforementioned policies, customs, and/or practices, in spite of their known and obvious inadequacies and dangers, has been deliberately indifferent to inmates', including Plaintiff's, health and safety.

42. As a direct and proximate result of the aforementioned customs, policies, and/or practices, Plaintiff suffered injuries and damages as alleged herein.

### C. Allegations Specific to Bowers

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, as though fully set forth herein.

44. Bowers, by exploiting his position of power and by repeatedly sexually assaulting and raping Plaintiff, was deliberately indifferent to Plaintiff's health and safety.

45. As a direct and proximate result of Bowers' deliberate indifference, Plaintiff experienced and continues to experience physical pain, severe emotional distress, mental anguish, and the damages alleged herein.

### PUNITIVE DAMAGES

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45, as though fully set forth herein.

47. Plaintiff is entitled to punitive damages on her claims brought pursuant to 42 U.S.C. § 1983 as Defendants' conduct, acts and omissions alleged herein constitute malicious and/or reckless or callous indifference to Plaintiff's federally protected rights.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), reasonable attorney fees, and all other relief deemed appropriate by this Court.

Date: December 23, 2011         s/Louis W. Bullock
                                Louis W. Bullock, OBA #1305
                                lbullock@bullock-blakemore.com

Patricia W. Bullock, OBA #9569
pbullock@bullock-blakemore.com
Robert M. Blakemore, OBA #18656
bblakemore@bullock-blakemore.com
Bullock Bullock & Blakemore PLLC
110 West Seventh Street, Suite 707
Tulsa, OK 74119
Phone: (918) 584-2001
Fax: (918) 779-4383

Daniel E. Smolen, OBA #19943
danielsmolen@ssrok.com
Donald E. Smolen, II, OBA #19944
donaldsmolen@ssrok.com
Lauren G. Lambright, OBA #22300
laurenlambright@ssrok.com
Miranda R. Russell, OBA #30240
mirandarussell@ssrok.com
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669

Thomas A. Mortensen, OBA #19183
tmort70@hotmail.com
1331 South Denver Avenue
Tulsa, OK 74119
Phone: (918) 392-9992
Fax: (918) 392-9993

**ATTORNEYS FOR PLAINTIFF**