UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LADONA A. POORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0797-CVE-TLW |
| | ) |
| STANLEY GLANZ, Sheriff of Tulsa | ) |
| County, in his individual and official | ) |
| capacities, and SETH BOWERS, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant Stanley Glanz's Motion to Dismiss Complaint (Dkt. # 4). Defendant Stanley Glanz asks the Court to dismiss plaintiff's claims against him for failure to state a claim upon which relief can be granted, because the complaint fails to allege sufficient facts to show that he acted with deliberate indifference to plaintiff's safety while she was in the custody of the David L. Moss Criminal Justice Center (Tulsa County Jail). Plaintiff objects to Glanz's motion and argues that she has stated a claim against Glanz under 42 U.S.C. § 1983 in his individual and official capacities.

**I.**

Ladona A. Poore alleges that she was incarcerated at the Tulsa County Jail from January to April, 2010, and she spent the entire duration of her incarceration in the medical unit. Dkt. # 2, at 1. Poore was seventeen years old during the relevant time period, and she alleges that all white female juvenile inmates are housed in the north wing of the medical unit. Id. at 4. Poore was under the supervision of male detention officers, including Seth Bowers. She alleges that the north wing of the medical unit is a known "blind spot" in the Tulsa County Jail's video surveillance system, and

jail personnel and inmates conduct illegal activity in this blind spot to avoid detection. Id. Poore claims that she was forced to shower alone and Bowers would watch her through a window while she showered. Id. at 5. Bowers allegedly raped and sexually assaulted plaintiff and used the blind spot and general lack of staffing in the medical unit to avoid detection. Id. at 5-6. Another inmate saw Bowers rape Poore, and Bowers allegedly used his authority as a detention officer to silence this witness. Id. at 6.

Poore alleges that Glanz learned of Bowers' conduct, and that he declined to discipline Bowers or refer the matter to the Tulsa County District Attorney. Id. at 6. She also claims that Glanz was aware of improper sexual conduct between jail personnel and inmates. Id. at 5. Even if these acts were consensual, Poore states that it is a felony under Oklahoma law for a prison employee to have sex with an inmate. See OKLA. STAT. tit. 21, § 1111(A)(7). Poore claims that Glanz violated the Oklahoma Jail Standards by failing to have at least one female detention officer in the north wing of the medical unit while female prisoners were housed in that area. Id. at 5. She also claims that Glanz was aware of the blind spots in the Tulsa County Jail and the uses made of these blind spots by jail personnel and inmates, but that he took no measures to monitor the blind spots or prevent harm to inmates. Id. at 8. She alleges that Glanz promulgated or implemented (or failed to promulgate or implement) at least four polices showing a deliberate indifference to the health and safety of female inmates of the Tulsa County Jail:

> 29. "Glanz failed to promulgate and implement adequate housing and supervision policies responsive to the special needs of the female juvenile prisoners in his care . . . ."
>
> 30 "Glanz has instituted a policy, practice and/or custom of maintaining inadequate supervision and safety precautions with respect to known areas that are not monitored via surveillance equipment, or 'blind spots,' within the Jail . . . ."

> 31. "Glanz has maintained a policy, practice and/or custom of understaffing the medical unit. . . ."
>
> 32. "Glanz has failed to adequately train Jail personnel and staff, particularly male personnel, concerning the supervision of female juvenile inmates in order to protect the female juvenile inmates from inappropriate sexual conduct and activity. . . ."

Id. at 7-9.

On December 23, 2011, Poore filed this case alleging that Glanz and Bowers subjected her to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. She seeks relief against Glanz in his individual and official capacities under § 1983, and she requests actual and punitive damages in excess of $75,000. Id. at 12.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly,

550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Glanz states that "[w]hen the inflammatory and conclusory language of the complaint is stripped away, [p]laintiff has failed to state a claim against [Glanz] . . . ," and he asks the Court to dismiss plaintiff's complaint under Rule 12(b)(6). Dkt. # 4, at 1-2.  Plaintiff responds that she has adequately alleged a § 1983 claim against Glanz based on supervisory liability, because she has identified specific unconstitutional policies implemented or promulgated by Glanz and has alleged that Glanz acted with the requisite state of mind.  Dkt. # 9, at 8.

Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007).  Plaintiff alleges that Glanz violated her Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." Tafoya

v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). To establish an Eighth Amendment violation, a plaintiff must show that a prison official acted with deliberate indifference. "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In Wilson v. Seiter, 501 U.S. 294 (1991), the Supreme Court clarified that deliberate indifference has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Wilson, 501 U.S. at 298-99. Defendant has not disputed that rape is a sufficiently serious injury to satisfy the objective component of a deliberate indifference claim. "To prevail on the subjective component, the prisoner must show that the defendant[] knew [she] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009). However, "[t]he official's knowledge of the risk need not be knowledge of a substantial risk to a *particular* inmate, or knowledge of the particular manner in which injury might occur." Tafoya, 516 F.3d at 916 (10th Cir. 2008) (emphasis in original).

Plaintiff's claim against Glanz in his individual capacity is based on supervisory liability. Tenth Circuit precedent is clear that, for the purpose of a § 1983 claim, "a sheriff is responsible for the proper management of the jail in his county and the conduct of his deputies." Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). However, "mere negligence is insufficient to establish supervisory liability." Johnson v. Martin, 195 F.3d 1208, 1219 (10th Cir. 1999). To establish a claim of supervisory liability under § 1983, a plaintiff must plead and prove that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a

5

policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010). In Dodds, the Tenth Circuit cited the Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and explained that a plaintiff must allege that the defendant's "individual actions cause a constitutional deprivation." 614 F.3d at 1200. For a § 1983 claim based on supervisory liability, a plaintiff may establish the necessary individual action by showing an affirmative link between the unconstitutional acts of a subordinate and the adoption of a policy authorizing or approving of the misconduct. Id. at 1201.

The Court finds that plaintiff has stated a claim against Glanz in his individual capacity. Plaintiff alleges that she was repeatedly raped by Bowers while she was detained in the medical unit of the Tulsa County Jail, and this is a sufficiently serious injury to satisfy the objective component of a deliberate indifference claim. Plaintiff also claims that Glanz was aware of blind spots in the Tulsa County Jail, and that he knew that jail personnel and inmates were engaging in illegal conduct in these blind spots. In particular, she claims that Glanz knew that jail personnel were engaging in sexual acts with inmates and used the blind spots to avoid detection. Dkt. # 2, at 7. When Glanz learned of Bowers' conduct, plaintiff alleges that Glanz failed to take any disciplinary action against Bowers or refer Bowers to the Tulsa County District Attorney for possible criminal charges. Id. at 6. She claims that Glanz showed deliberate indifference to the needs of female inmates by failing to take steps to monitor the blind spots and properly staff the north wing of the medical unit with at least one female detention officer. These allegations are sufficient to support an inference that Glanz was aware of a substantial risk of harm to female inmates and that he acted with deliberate indifference by failing to abate the risk. Glanz argues that plaintiff's factual allegations do not

specifically and conclusively show that he acted with deliberate indifference, but he disregards the well-pleaded allegations of the complaint and his arguments are more appropriate for consideration on a motion for summary judgment.

Glanz also argues that plaintiff has not stated a claim against him in his official capacity. A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or municipality" he represents, and is considered under the standard applicable to § 1983 claims against municipalities or counties. Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010). In the case of a municipal entity, the "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority. Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 482-83 (1986); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 127-28 (1988). A plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998) (quoting Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997)).

Plaintiff has identified several policies allegedly promulgated by Glanz and has stated sufficient facts to support an inference that the policies caused a violation of her constitutional rights. As the Tulsa County Sheriff, Glanz has final policymaking authority over the Tulsa County Jail and he may be sued in his official capacity for allegedly unconstitutional policies enforced at the Tulsa County Jail. Meade, 841 F.2d at 1530. Plaintiff alleges that Glanz was aware of blind

7

spots in the surveillance system, and he was allegedly aware that jail personnel were taking inmates to the blind spots and engaging in illegal sexual activity. Dkt. # 2, at 7. Plaintiff claims that Glanz maintained a policy of understaffing areas of the Tulsa County Jail known to be blind spots, and she claims that Glanz promulgated a policy or custom of inadequately supervising and training personnel working in the medical unit. Id. at 8. She also claims that Glanz was aware of Bowers' repeated rapes of plaintiff and other illegal sexual acts between jail personnel and inmates, and that he still refused to take any action to monitor the blind spots or punish the alleged wrongdoers. Id. at 7-8. These allegations are sufficient to give Glanz notice of the allegedly unconstitutional policies promulgated and maintained at the Tulsa County Jail, and plaintiff has alleged that these policies resulted in a deprivation of her Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. Considering all of the well-pleaded allegations of the complaint, the Court finds that plaintiff has stated a § 1983 claim against Glanz in his official capacity.

**IT IS THEREFORE ORDERED** that Defendant Stanley Glanz's Motion to Dismiss Complaint (Dkt. # 4) is **denied**.

**DATED** this 6th day of March, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8