UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LADONA A. POORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0797-CVE-TLW |
| | ) | |
| STANLEY GLANZ, Sheriff of Tulsa County, in his individual and official capacities, and SETH BOWERS, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Bower's [sic] Motion to Dismiss, and in the Alternative, Motion for a More Definite Statement and Brief in Support (Dkt. # 18). Defendant Seth Bowers argues that plaintiff has failed to describe the alleged rapes or sexual assaults with sufficient detail, and that she has not stated a claim upon which relief can be granted. Dkt. # 18, at 3. Bowers also argues that he did not receive notice of plaintiff's claims as required by the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. (GTCA), and that the Court lacks jurisdiction over plaintiff's claims against him. Plaintiff responds that she has alleged sufficient facts to state a plausible claim under 42 U.S.C. § 1983, and that she is not required to comply with the notice requirements of the GTCA to proceed with a § 1983 claim against Bowers.

### I.

Ladona A. Poore was an inmate at the David L. Moss Criminal Justice Center from January 2010 to April 30, 2010, and she was 17 years old at the time of her incarceration. Dkt. # 2, at 4. Bowers was a detention officer at the jail. Juvenile female inmates were housed in the north wing of the medical unit, but this unit is not monitored by video surveillance. Id. Poore alleges that the

medical unit is known by jail personnel and inmates as a "blind spot" where illegal activity can occur without detection.  Id.  She alleges that the north wing of the medical unit had one shower, and the shower had an observation window.  Id. at 4-5.  She claims that Bowers would watch her shower through the observation window, even though male detention officers were not permitted in the shower area while female inmates were showering.  Id. at 5.  She also claims that Bowers "preyed upon [her] vulnerability and repeatedly raped and sexually assaulted her," and used a blind spot in the video surveillance system to avoid detection.  Id.  Poore states that Bowers' conduct was witnessed by another inmate, and that Bowers "attempted sexual acts with this female juvenile inmate and utilized his authority and resources bestowed upon him by the Tulsa County Sheriff's Department in an attempt to silence this witness and victim."  Id. at 6.

       Plaintiff alleges that Bowers violated her right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution, and she seeks relief under § 1983.  She has not alleged any state law claims against Bowers.  Plaintiff also alleges a § 1983 claim against Stanley Glanz, the Tulsa County Sheriff.  Plaintiff requests actual damages in excess of $75,000, punitive damages in excess of $75,000, prejudgment interest, and attorney fees. Id. at 12.  Glanz filed a motion to dismiss under Rule 12(b)(6), and the Court denied his motion. Dkt. # 17.  In particular, the Court found that plaintiff's allegations of rape and sexual assault were sufficient to satisfy the objective component of a deliberate indifference claim under the Eighth and Fourteenth Amendments.  Id. at 5.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Bowers argues that plaintiff has not stated a claim upon which relief can be granted, and that she failed to exhaust her administrative remedies before filing suit. Plaintiff responds that a rape victim is not required to describe the alleged rapes or sexual assaults in detail, and Bowers' argument "offends contemporary standards of decency." Dkt. # 22, at 6. She also argues she has not alleged any state law tort claims against Bowers, and that she is not required to exhaust her remedies under the GTCA before filing a § 1983 claim against Bowers.

**A.**

Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). Plaintiff alleges that Bowers violated her Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). To establish an Eighth Amendment violation, a plaintiff must show that a prison official acted with deliberate indifference. "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 827 (1994); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In Wilson v. Seiter, 501 U.S. 294 (1991), the Supreme Court clarified that deliberate

4

indifference has two components: (1) an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending officials act with a sufficiently culpable state of mind. Wilson, 501 U.S. at 298-99. As to the objective component, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities . . . .'" Farmer, 511 U.S. at 834. "To prevail on the subjective component, the prisoner must show that the defendant[] knew [she] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." Martinez v. Beggs, 563 F.3d 1082, 1089 (10th Cir. 2009). However, "[t]he official's knowledge of the risk need not be knowledge of a substantial risk to a *particular* inmate, or knowledge of the particular manner in which injury might occur." Tafoya , 516 F.3d at 916 (10th Cir. 2008) (emphasis in original).

Bowers states that "Poore gives no details of the rape or sexual assault she allegedly endured, beyond that it was repeated." Id. at 3. He claims that plaintiff does not allege that she was the victim of force, violence, or coercion, and she fails "to state any facts supporting that the 'rape' was anything more than inappropriate consensual sex and offers no factual allegations that support serious pain or deprivation." Id. He suggests that the alleged sexual encounters between plaintiff and Bowers were "welcome and voluntary," and consensual sex does not constitute cruel and unusual punishment as a matter of law. Id. at 3-4. There is nothing in the complaint to support Bowers' argument, and the Court will not infer that the alleged sexual encounters were "inappropriate consensual sex." The meaning of plaintiff's allegations that she was repeatedly raped and sexually assaulted is apparent, and it is clear that she is alleging that the sexual encounters with Bowers were not consensual and possibly violent. Allegations of rape and sexual assault are sufficiently serious to satisfy the objective component of a deliberate indifference claim. Tafoya,

5

516 F.3d at 916; Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993). Bowers argues that plaintiff has not described the alleged rapes or sexual assaults with enough detail, but he cites no authority suggesting that the victim of an alleged rape is required to describe the incident in detail at the pleading stage. Dkt. # 18, at 2-4. Plaintiff has alleged the time frame of her incarceration, the manner in which Bowers used a blind spot in the video surveillance system to avoid detection, and that she was repeatedly raped and sexually assaulted, and she is not required to describe each rape or sexual assault in excruciating detail. Plaintiff has adequately alleged that the harm she suffered was sufficiently serious to satisfy the objective component of a deliberate indifference claim. Plaintiff's allegations are also sufficient to support an inference that Bowers acted intentionally and with knowledge of the risk of harm to plaintiff, and she has adequately alleged the subjective component of a deliberate indifference claim. Thus, Bowers' request to dismiss plaintiff's § 1983 claim against him should be denied.

Bowers claims that he is entitled to a more definite statement because plaintiff's complaint "largely consists of vague, conclusory allegations unencumbered by supporting facts that prevent [him] from responding without risk of prejudice." Dkt. # 18, at 9. Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Bowers' alternative request for a more definite statement is also denied. Plaintiff's factual allegations are not vague or ambiguous, Bowers is on notice of the factual basis for plaintiff's § 1983 claim against him, and he is not entitled to a more definite statement.

**B.**

Bowers argues that plaintiff did not exhaust her administrative remedies before filing suit, and plaintiff's claims should be dismissed. Dkt. # 18, at 4-5. Bowers cites OKLA. STAT. tit. 57, § 566.4(B)(2), that provides:

> No tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent or servant, until all of the notice provisions of the Governmental Tort Claims Act have been fully complied with by the claimant. This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or any county jail or city jail in either their official or individual capacity, and to any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract.

However, the Tenth Circuit has expressly held that the GTCA does not immunize a defendant from liability under § 1983. Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 560 n.5 (10th Cir. 1999); Tiemann v. Tul-Center, Inc., 18 F.3d 851, 853-54 (10th Cir. 1994); see also Howlett By and Through Howlett v. Rose, 496 U.S. 356 (1990) (defenses to a § 1983 claim are created by federal law and state statutes that purport to immunize state official from § 1983 liability are preempted). Thus, plaintiff's lack of compliance with the notice requirements of the GTCA is not a defense to a § 1983 claim. The complaint is clear that plaintiff is not asserting a state law claim against Bowers, and plaintiff was not required to provide pre-suit notice to Bowers before filing this case.

**IT IS THEREFORE ORDERED** that Defendant Bower's [sic] Motion to Dismiss, and in the Alternative, Motion for a More Definite Statement and Brief in Support (Dkt. # 18) is **denied**.

**DATED** this 30th day of April, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE