**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LADONA A. POORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 11-CV-797-JED-TLW |
| STANLEY GLANZ, *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES**

**COMES NOW,** the Plaintiff LaDona A. Poore ("Plaintiff"), and, pursuant to 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure and LCvR54.2, respectfully moves the Court to enter an Order awarding her reasonable attorney's fees and expenses as set forth herein. In support of this Motion, Plaintiff shows the Court the following:

**Introduction**

Plaintiff initially filed this action on December 23, 2011. Plaintiff brought this action to obtain some level of justice for egregious and repeated violations of her Constitutional right to be free from cruel and unusual punishment. Plaintiff brought claims against Defendant Stanley Glanz ("Former Sheriff Glanz" or "Glanz"), in his individual capacity (under the supervisor liability doctrine), and the Tulsa County Sheriff, in his official capacity (analyzed under the municipal liability doctrine). All of these claims stem from the promulgation, implementation, and/or maintenance of policies, practices and/or customs that deprived Plaintiff of her federally protected rights.

1

Former Sheriff Glanz admitted during his deposition, and later at trial that "*girls are disproportionately represented among sexual abuse victims*" and that "*youth incarcerated with adults are probably at the **highest risk of sexual abuse.***" Glanz Depo. at 25:16 – 26:5 (emphasis added). Considering the known, substantial and unique risks faced by juvenile female inmates, Former Sheriff Glanz should have taken special measures to protect these vulnerable prisoners from sexual abuse. However, he did just the opposite. He threw them to the wolves. Former Sheriff Glanz violated his own policies and failed to provide the juvenile female inmates with the same protections given to male juveniles. Former Sheriff Glanz placed the juvenile female inmates in a remote corner of the Tulsa County Jail's medical unit that was not directly supervised, adequately staffed or monitored by surveillance equipment. It was here that Plaintiff, a juvenile female inmate, was repeatedly sexually assaulted by Seth Bowers ("Bowers"), a male detention officer. Each time, Bowers was left alone with Plaintiff -- without supervision -- in an area where he was free to commit his heinous acts without detection. Former Sheriff Glanz was deliberately indifferent to Plaintiff's health and safety.

Plaintiff struggled ***for years*** to have her story told and to secure a remedy. Defendants aggressively fought Plaintiff every step of the way, refusing to acknowledge any responsibility for their misdeeds. Defendants took this case all the way to trial without an inkling of introspection or compunction. At the end of that hard-fought road, Plaintiff was vindicated. A jury of her peers determined that her constitutional rights were violated due to the deliberate

indifference of these Defendants. Now, she seeks to recover an award of attorneys and expenses necessarily incurred in this litigation.

## Discussion

**A.     Plaintiff is Entitled to an Award of Reasonable Attorney's Fees as She is the "Prevailing Party"**

This matter was tried -- on Plaintiff's constitutional claims, brought pursuant to 42 U.S.C. § 1983 -- on February 19, 22, 23, 24, 25, 26, 29 and March 1, 2016. After deliberating, on March 2, the jury entered a verdict in favor of Plaintiff and against Defendants Stanley Glanz and Michelle Robinette. *See* Dkt. #224.

On March 2, 2016, the Court entered its final Judgment as follows:

> In accordance with the jury's verdict (Doc. 224), judgment is hereby entered in favor of plaintiff, Ladona A. Poore, and against defendants, Stanley Glanz, in his individual capacity and Michelle Robinette, in her official capacity as Acting Sheriff, in the amount of $25,000 in compensatory damages.

Dkt. #226.

In pertinent part, 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[] ... 1983 ... of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...."

The "ordinary language" of § 1988 "requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms,* 482 U.S. 755, 760 (1987). In *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598, 604 (2001), the Supreme Court held that in order to "prevail" for the purposes of an award of

attorneys fees, the plaintiff must achieve some "'material alteration of the legal relationship of the parties'" or a "court ordered 'chang[e][in] the legal relationship between [the plaintiff] and the defendant.'" (quoting *Tex. State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 782, 792 (1989)). As examples, the Court pointed to "enforceable judgments on the merits and court-ordered consent decrees" as creating the necessary "material alteration" to render a plaintiff the "prevailing party." *Buckhannon,* 532 U.S. at 604.

The Supreme Court has determined that "even an award of nominal damages suffices under this test." *Buckhannon,* 532 U.S. at 603-04 (citing *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)).

"Although the power to award … fees is discretionary, that discretion is narrow once a civil rights plaintiff demonstrates that he is a 'prevailing party.'" *Robinson v. City of Edmond,* 160 F.3d 1275, 1280 (10th Cir. 1998) (citing *Phelps v. Hamilton,* 120 F.3d 1126, 1129 (10th Cir.1997)). "[T]he plaintiff ***ordinarily should not*** have his vindication of these [civil] rights eviscerated by an obligation to pay his attorney's reasonable fees." *Robinson,* 160 F.3d at 1280 (emphasis added). Indeed, the United States Supreme Court has held that "[i]f a plaintiff prevails in a suit covered by § 1988, ***fees should be awarded as costs unless special circumstances would render such an award unjust.***" *Kentucky v. Graham,* 473 U.S. 159, 164 (1985) (emphasis added).

Here, for the purposes of § 1988, Plaintiff is clearly the "prevailing party" as she obtained a judgment on the merits and an award of compensatory damages well in excess of a nominal amount. *See, e.g., Autumn Wood Farms, LLC v. Bynum,* 2015 OK CIV APP 90, ¶ 9, 361 P.3d 540, 543 ("$1.00 is typically

4

the amount awarded as nominal damages"). Thus, Plaintiff is entitled to an award of reasonable fees.

**B.     The Attorney's Fees Sought by Plaintiff Are Reasonable**

In determining the reasonableness of a fee request, the Court should first calculate the "lodestar amount" of the fee. *See Robinson,* 160 F.3d at 1281 (citations omitted). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id.* "'Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988.'" *Id.* (internal quotation from *Cooper v. Utah,* 894 F.2d 1169, 1171 (10th Cir. 1990)).

**1.     The Hours "Reasonably Expended"**

Through the filing of this Motion, attorneys on behalf of Plaintiff have reasonably expended the hours set forth in the attached exhibits for which compensation is requested. *See* Exs. A (SSR Time Records), B (Bullock Time Records) and C (Mortensen Time Records). *See also Exs.* D, E and F (Attorney Affidavits). The time expended by each of Plaintiff's attorneys is detailed in the attached records. The attached time records are meticulous. Plaintiff's counsel avoided "block billing" to enable the Court to evaluate the reasonableness of the time expended on each specific task.

The time for which an award is sought is hard billable time, reasonably expended on matters and activities, which are compensable. *See Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir. 1983), *disapproved of on other grounds by*

5

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711 (1987).

### 2. Reasonable Hourly Rates

In setting the hourly rate, the Court must determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time. *See Ramos,* 713 F.2d at 555. The objective of this analysis is to arrive at prevailing market rates for counsel's services. A reasonable fee in civil rights cases is calculated according to prevailing market rates. *See Blum v. Stenson,* 465 U.S. 886, 895 (1984). In setting an hourly rate, a court should establish, from information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable lawyers in private firms. *Ramos,* 713 F.2d at *555*.

Moreover, it is well established that that **current** hourly rates, rather than adjusted historic rates, should be used to compensate for delays in payment. *Id.*

Here, Plaintiff seeks reasonable hourly rates for her attorneys as follows:

| | |
|---|---|
| Daniel Smolen | $400 |
| Donald Smolen | $400 |
| Bob Blakemore | $300 |
| Louis Bullock | $350 |
| Patricia Bullock | $300 |
| Thomas Mortensen | $325 |

Plaintiff asserts that these are eminently reasonable market rates based upon the level of experience and skill of each attorney and rates which are paid to other lawyers of similar experience and skill. *See, e.g., Exs.* D, E and F (Attorney Affidavits).

## C. Plaintiff is Entitled to an Award of Reasonable Expenses

Plaintiff also seeks recovery of reasonable expenses, which are fully compensable. Plaintiff's requested expenses are set out and detailed in attached exhibits including legal assistants time. These are expenses which attorneys in this community typically bill to clients.

## Conclusion

WHEREFORE, premises considered, Plaintiff seeks and award of attorneys fees and expenses as follows:

| | |
|---|---|
| Smolen Smolen & Roytman: | $329,110.00 |
| Bullock Law Firm: | $218,737.06 |
| Thomas Mortensen: | $111,312.50 |
| **Total Fees and Expenses:** | $659,159.56 |

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
danielsmolen@ssrok.com
Robert M. Blakemore, OBA #18656
bobblakemore@ssrok.com
Smolen Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669

Louis W. Bullock, OBA #1305
lbullock@bullock-blakemore.com
Patricia W. Bullock, OBA #9569
pbullock@bullock-blakemore.com
Bullock Law Firm
110 West Seventh Street, Suite 707
Tulsa, OK 74119
Phone: (918) 584-2001
Fax: (918) 779-4383

Thomas A. Mortensen, OBA #19183
tmort70@hotmail.com
1331 South Denver Avenue
Tulsa, OK 74119
Phone: (918) 392-9992
Fax: (918) 392-9993

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

     This is to certify that on this 15th day of April, 2016, a true and correct copy of the above and below was electronically transmitted to the Clerk of the Court using ECF System for filing with the Court and service upon all ECF-registered counsel of record.

/s/Robert M. Blakemore